NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARDO TAPIA-FELIX,<br>          Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br>          Respondent.<br><br>LEONARDO TAPIA-FELIX,<br>          Petitioner-Appellant,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br>          Respondent-Appellee. | No.   14-73994<br>Agency No. A027-530-663<br><br>No.   17-15518<br>D.C. No. 2:15-cv-01464-SPL<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals
and
Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 11, 2018[*]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

Leonardo Tapia-Felix previously petitioned for review of the Board of Immigration Appeals' decision upholding his final order of removal from the United States. We stayed that matter and transferred Tapia-Felix's claim that he is a United States citizen by birth to the district court for *de novo* review. Tapia-Felix now appeals the district court's adverse ruling on his citizenship claim, and we consolidated his two appeals on July 27, 2017. We have jurisdiction under 8 U.S.C. § 1252(b) and 28 U.S.C. § 1291. We vacate and remand.

The district court correctly found—and the government concedes—that the government bears the burden of proving by clear and convincing evidence Tapia-Felix's alienage.[1] *See Mondaca-Vega v. Lynch*, 808 F.3d 413, 419–20 (9th Cir. 2015) (en banc), *cert. denied*, 137 S. Ct. 36 (2016) (applying a burden-shifting framework in which the government presents evidence of alienage, the petitioner responds with substantial credible evidence of citizenship, and then the burden shifts back to the government to prove alienage by clear and convincing evidence).

---

[**] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

[1] The parties agree that under *Mondaca-Vega*'s burden-shifting framework, Tapia-Felix met his burden at step two of the analysis of showing substantial credible evidence of citizenship, which then shifted the burden back to the government to prove his alienage.

This case centers on dueling authenticated birth certificates: one issued in 1972 in Mexico near the time of Tapia-Felix's birth showing that he was born in Sonora, Mexico, and the other issued in 1990 in California showing that he was born in Santa Ana, California.

In concluding that the government met its burden of showing by clear and convincing evidence that Tapia-Felix is a Mexican national, the district court stated that "at the heart of [its] conclusion is [Tapia-Felix's] authenticated Mexican registration of birth." The district court, however, rejected Tapia-Felix's California delayed registration of birth. As the district court stated, "the strength of the [birth] record depends on the evidence relied on by the state officials who issued it." The district court found that California officials relied on a baptismal certificate showing that Tapia-Felix was baptized "on December 17, 1972, at the Our Lady Queen of Angels Church in in [sic] Los Angeles, California." The district court reasoned that because the baptismal certificate was unreliable, no "credible documentary evidence issued in close proximity to the time of Petitioner's birth" "detract[ed] from the evidentiary value of [Tapia-Felix's] Mexican birth certificate."

The parties, however, had stipulated to the fact of Tapia-Felix's baptism. Without notice or an adequate opportunity to respond, the district court rejected this stipulation. We hold that the district court erred in doing so. Factual

3

stipulations, unlike legal stipulations, are ordinarily binding on courts and "are 'formal concessions . . . that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 676–78 (2010) (quoting 2 K. Broun, McCormick on Evidence § 254, p. 181 (6th ed. 2006); *accord Dexter v. Kirschner*, 984 F.2d 979, 984–85 (9th Cir. 1992), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 1993); *see also* D. Ariz. L.R. 83.7 (2016–17) (stating that written or oral stipulations given in open court are binding, except that "in the interests of justice the Court shall have the discretion to reject any such agreement"). Thus, at a minimum, the district court must notify the parties and provide them with a reasonable opportunity to respond before rejecting a factual stipulation. Because the district court's rejection of the stipulation appears to play a central role in its rejection of Tapia-Felix's California birth certificate, we cannot say the error was harmless.

The district court also erred in rejecting parts of expert witness Gretchen Kuhner's testimony. Ms. Kuhner testified to a census study commissioned by the Mexican government in order to better understand transnational families' practice of dual birth registration in the United States and Mexico. The study revealed that nearly half of 550,000 transnational families registered U.S.-born children in Mexico. In finding this testimony inadmissible, the district court relied on *United*

4

*States v. Bahena-Cardenas*, 411 F.3d 1067 (9th Cir. 2005), which is easily distinguishable. Because *Bahena-Cardenas* relied on a small sample size (5 or 6 out of 56 people), we found that the district court did not abuse its discretion in rejecting such testimony because it would "encourage or require jurors to rely on cultural stereotypes." *Id.* at 1078. In contrast, Ms. Kuhner offered a sample size of over half-a-million people in a formal study commissioned by the Mexican government. The district court therefore abused its discretion in finding her opinion inadmissible.

Finally, Tapia-Felix challenges the district court's credibility findings for numerous witnesses. Although we do not find these evaluations to be clearly erroneous, the district court is free to revisit them on remand. In light of the district court's errors with respect to the parties' stipulation and the expert witness's testimony, we vacate and remand for the district court to reevaluate whether the government has carried its burden of showing by clear and convincing evidence that Tapia-Felix was born in Mexico.

**VACATED AND REMANDED.**